ROBINSON *v*. WELKER.

## Opinion delivered April 14, 1919.

1. PARTNERSHIP—DISSOLUTION—DIVISION OF CAPITAL.—Where a partnership agreement provided that plaintiff furnish the partnership capital and defendant his services in the operation of the business, and that profits and losses were to be equally shared, but contained no provision as to sharing capital upon distribution of assets, defendant, upon dissolution, was not entitled to a share of the capital.

2. PARTNERSHIP—DISSOLUTION—ALLOWANCE TO ATTORNEY NOT A PARTY.—In an action by a partner for dissolution and distribution of assets, the court properly refused to allow the claim of an attorney at law for services rendered the firm where the attorney was not a party to the action, and where a separate suit was pending against the partnership for recovery of such fee.

3. APPEAL AND ERROR—BURDEN OF PROVING ERROR.—In a partner's action to dissolve partnership and have assets distributed, in which the plaintiff cross-appealed, alleging error in the court's action in charging an item of profit against him which he claimed to have earned as member of another firm, he has the burden of showing that the court's decree was erroneous in this respect.

4. PARTNERSHIP—ACCOUNTING—ATTORNEY'S FEES.—In a partner's action for dissolution of a trading partnership and for distribution of assets, where plaintiff was also member of a law firm which had performed services for the partnership, it was proper to deduct from the assets 50 per cent. of the amount recovered by such firm for the partnership where that was the customary fee in such cases.

Appeal from Clay Chancery Court, Western District; *Archer Wheatley*, Chancellor; reversed.

*C. T. Bloodworth,* for appellant.

1. The chancellor erred in crediting Welker with the entire capital he put into the business, $3,700. He agreed to furnish the cash capital and Robinson to furnish his services and time. If Welker so agreed and he did, then Robinson should be credited with his services, each to share equally. Whatever is contributed as capital becomes firm property and ceases to be owned by the contributor as an individual. 30 Cyc. 440. In view of the partnership agreement, if Welker is to be credited

and then paid back his entire capital contributed then Robinson should be credited with his eighteen months' services. 30 Cyc. 391. Yet according to the findings, Robinson must lose his entire capital or eighteen months' services and also bear the *pro rata* share of the loss of $3,700. As to this item, Welker should bear the entire loss, if any, and Robinson should lose his entire time. But if Welker receives credit for his $3,700 then Robinson should receive credit for a like sum for his services as the partnership agreement was made with the view that Robinson's ability and experience was of equal value to Welker's capital.

2. Welker should be charged with the full amount Irby judgments collected by him, and it was error not to do so. By all means he should be charged with the amount he says he received, $791.94, if not the full amount. He says he sold the judgments and credited the amount together with the $3,700 to the credit of the firm, but the testimony on this subject is false. Robinson refused to discount the two judgments more than 10 per cent., and they were collectible out of Irby's property. But Welker discounted them and settled more than $1,550 for $791.94. This was gross negligence, and he should be charged with the full amount. 13 Ark. 609; 44 *Id.* 34; 30 Cyc. 453. He sold over the protest of his partner, Robinson, and acted in bad faith, cases *supra,* and should be charged with the full amount.

3. The chancellor erred in his refusal to credit Robinson with the full amount he paid General Holland for labor in taking care of partnership stock nine and a half months at $55 a month, whereas the chancellor only allowed $385. 30 Cyc. 450.

4. It was error to charge him with the item of $871.46 overdraft, as there is no testimony to justify the charge. It was a *firm* overdraft.

5. It was error to refuse to order paid from the partnership funds the $250 attorneys' fees for the firm. The fee was reasonable and the attorneys had a lien on the fund for the fee.

*G. B. Oliver,* for appellee.

Appellant was at fault in selling the partnership property to Irby and taking notes in payment. He had full charge of the business and it was his duty to attend to the collections in good faith, and without negligence. 30 Cyc. 452; 44 Ark. 34; 23 *Id.* 566; 2 Bates, Law of Part., § 763. As to the other items and findings the evidence fails to show any error in the findings except as to the $275 for money collected on the railroad judgments at Poplar Bluff. As to this, the decree should be reversed on the cross-appeal. It was error also to charge appellee with this item as also with the $650, his part of the profits derived from an entirely separate and distinct partnership. As to these two items, the decree should be reversed on the cross-appeal and the account restated.

McCULLOCH, C. J. This is an action instituted in the chancery court to dissolve a partnership existing between the plaintiff Welker and the defendant Robinson, and to distribute the remaining assets. Plaintiff resides at Neelyville, Missouri, and is president of a banking institution, and is also an attorney at law, being a member of a certain firm of lawyers. The defendant resides in Clay County, Arkansas.

The partnership between these two parties was formed for the purpose of buying and selling live-stock and wheat, and, according to the terms of the agreement, plaintiff was to furnish the necessary capital upon which the business was to be operated, and defendant was to contribute his personal services in operating the business, and the profits and losses were to be equally shared between the parties.

The chancery court in the final decree stated an account between the parties in which it is shown that the copartnership owes the plaintiff the sum of $2,609.65, balance on contributions to the capital, and owes defendant the sum of $468.45 so contributed, and the total assets consisted of money deposited in the bank, to be distributed between the parties *pro rata* on the basis of the re-

spective claims against the copartnership as above set forth. The defendant appealed from the decree, and the plaintiff has cross-appealed.

The decision of the chancellor involves chiefly mere questions of fact, and the inquiry here is whether or not the findings of the chancellor are against the preponderance of the testimony.

There is, however, one contention on the part of appellant which involves a question of law as to the rights of the parties under the contract. It is this: According to the findings of the chancellor, the amounts due by the copartnership to the respective copartners for contributions to the capital stock exceed than the remaining assets, and it is contended that the court erred in not crediting the defendant with the value of his services contributed in the operation of the business of the firm as against the money contributed by the plaintiff. The answer to that contention is that, according to the contract, the defendant was only to share in the profits, and hence it appearing that the obligations of the copartnership to the members of the firm on contributions to the capital exceed the assets, there are no profits to distribute. According to the terms of the contract as set forth in the pleadings and proof, defendant was only to share in the profits, and that does not give him the right to a share of the capital contributed by his copartner.

The correctness of several items in the account, as stated by the chancellor, is challenged by counsel for defendant, and it is also contended that other items are established by the proof which ought to have been charged to the plaintiff. The principal item involved in this contention is the sum of $800, for which the plaintiff sold a copartnership judgment against one Irby. It is contended that the judgment should not have been sold at less than face value, for the reason that the full amount might have been realized on execution, and also that the plaintiff failed to account for the proceeds of the sale. According to the testimony as abstracted, we can not say that the findings of the chancellor on the issues as

to this item are against the preponderance of the testimony.

Again, it is contended that the court erred in refusing to deduct from the assets the claim of an attorney at law for services rendered in the suit against Irby, and in the effort to collect the judgment, but the court refused to allow this on the ground that the attorney was not party to the proceedings, and that all action at law was then pending against the partnership for recovery of the attorney's fee. It does not appear that the attorney asked to be made a party to this proceeding, or has filed any claim in this suit. The court did not err, therefore, in refusing to adjudicate the question of liability for attorney's fees in this particular action.

As to other items concerning which there is a controversy, we can not say that the testimony preponderates against the findings of the chancellor.

It follows that so far as concerns the original appeal, the decree must be affirmed.

Appellee cross-appeals on two items; one, an item of $650 charged against him in the account for profits on the purchase and sale of a certain lot of wheat. It is stated in the brief that this is error for the reason that the profit was earned by appellee as a member of another copartnership in which he and appellant were both members, and that this item had nothing to do with the partnership accounts between him and appellant. The difficulty about this contention is that it is not supported by sufficient abstract of the record showing an absence of testimony on which the finding of the chancellor was based. It is a mere assertion in the argument of the case, and we find nothing in the abstract that would justify us in overturning the finding of the chancellor on this item. It devolves on appellee, as cross-appellant, to show that the decree was erroneous in this respect, and he has failed to do that.

There is another item involved in the cross-appeal of $275 charged to appellee for sums collected in certain litigation against a railroad company for damages sus-

tained by the partnership. The testimony as to that item comes entirely from appellee, and he shows that he received $275, but that the collections were made by a firm of lawyers, of which he was a member, and that the customery fee in cases of that sort in that locality was fifty per cent. of the amount recovered, and that the firm made their charge in accordance with that custom and deducted one-half of the amount recovered. The testimony of appellee is not contradicted on this point, and we think it was improper in the face of that testimony to charge appellee with the full amount of the collection.

The decree will, therefore, be modified so as to allow appellees the additional sum of $137.50, making a total of $2,747.15 to be allowed to appellee as a basis for distributing the remaining assets. In all other respects the decree will be affirmed.

The cause is remanded with directions to the chancellor to distribute the funds in accordance with this opinion.